Irving L. Berg (SBN 36273)
THE BERG LAW GROUP
145 Town Center, PMB 493
Corte Madera, California 94925
(415) 924-0742
(415) 891-8208 (Fax)
irvberg@comcast.net (e-mail)

ATTORNEY FOR PLAINTIFF

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

FRANCES SERANIA and STEPHEN LEE, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

ERIN CAPITAL MANAGEMENT, LLC; ELTMAN, ELTMAN & COOPER, P.C.; DONALD B. SERAFANO, an individual; DOES 1 THROUGH 10,

    Defendants.

Case No.: CV 08-1313

**CLASS ACTION**

**COMPLAINT TO RECOVER DAMAGES FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**JURY DEMAND**

## I. INTRODUCTION

1. This is a consumer class action on behalf of all California consumers who were sued by Erin Capital Management, LLC ("Erin Capital"), through its agent, Eltman, Eltman and Cooper, P.C. ("Eltman"), and certain of its officers, during the one-year period immediately preceding the filing of the herein Complaint ("the "Class Period"). This action is brought for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Eltman, whose headquarters are in New York City, brings time-barred lawsuits against California consumers. Eltman's business practice is to obtain default judgments against unrepresented consumers and not prosecute cases against consumers represented by attorneys. Since 1993, Eltman's focus has been on judgment enforcement.

3. Erin Capital, whose headquarters are in New York City, is a company primarily concerned with purchasing, collecting, and servicing non-performing credit card receivables and other consumer claims. It has an exclusive association with Defendant Eltman.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331. Venue in this District is appropriate because pertinent events took place here.

## III. PARTIES

5. Plaintiffs, STEPHEN LEE ("Lee") and FRANCES SERANIA, ("Serania") ("Plaintiffs"), are residents of San Francisco, California.

6. Defendant Erin Capital conducts its business from 35 East 21st Street, 5th Floor, New York, NY 10010.

7. Defendant Erin is a debt collector as defined at 15 U.S.C. § 1692a(6).

8. Defendant Eltman maintains an office at 140 Broadway, 26th Floor, New York, NY 10005.

9. Defendant Eltman is a debt collector pursuant to 15 U.S.C. § 1692a(6).

10. Defendant DONALD B. SERAFANO ("Serafano") is an employee of Eltman. Defendant Serafano directs and controls the activities of Defendant Eltman.

11. Defendant Serafano is a debt collector pursuant to the provisions of 15 U.S.C. § 1692a(6).

12. Plaintiff is ignorant of the true names or capacities of the defendants sued herein under the fictitious names of DOES 1 THROUGH 10.

13. Each of the fictitiously named Doe Defendants is responsible in some manner for the wrongdoing alleged herein, and is liable for the damages recoverable by Plaintiff. Each of the Doe Defendants was acting as agent or employee of the others.

## IV. FACTUAL ALLEGATIONS

14. Some time ago, Plaintiff Lee incurred a credit card debt for the purchase of consumer goods and services used for his personal needs.

15. Some time ago, Plaintiff Serania incurred a credit card debt for the purchase of

COMPLAINT

SERANIA & LEE, et al. V. ERIN CAPITAL MANAGEMENT, LLC, et al.

1 consumer goods used for her personal needs.

2   16.   The Plaintiffs were unable to pay the debts and the credit card issuing company thereafter sold the accounts to bad debt buyers, with the ultimate purchaser being Defendant Erin.

   17.   Defendant Erin purchases defaulted consumer debts in groups of one thousand or more, for which it pays pennies on the dollar.

   18.   Defendant Erin states in its website that Erin services and litigates its purchases through an exclusive association with the law firm of Eltman, Eltman and Cooper.

   19.   On information, Plaintiffs allege that Defendant Eltman, in bringing litigation, does not have evidence of the amount of the debt allegedly owed by the consumer, evidence of the agreement between the original creditor and the consumer, and evidence of the agreement(s) between the original creditor and subsequent purchasers of the debt, if any.

   20.   Defendant Eltman has a practice and procedure of suing on alleged debts without making an investigation of the status of the debt, as to the statute of limitations, proper venue, or payment offsets.

   21.   Defendant Eltman's practice and procedure is to obtain default judgments, and proceed to post-judgment collection, regardless of whether it could have proven its case in litigation.

   22.   Defendant Eltman's website boasts of having top retired law enforcement officers on its collection staff, and of being a leader in its enforcement of judgments obtained.

   23.   Defendant Eltman sued Plaintiff Lee in the San Francisco Superior Court, Case No. 07-464951.

   24.   Defendant Eltman was served with a Notice To Appear at Trial with proof of the debt. Defendant Eltman did not appear for trial and the case was dismissed.

   25.   Defendant Eltman sued Plaintiff Frances Serania in the San Francisco Superior Court, Case No. 07-465163.

   26.   Defendant was served with request to produce documents. Defendant failed to produce documents, and was sanctioned.

   27.   Defendant was served with a Request To Appear at Trial with proof of the debt.

Defendant Eltman did not appear for trial, and the case was dismissed.

28. Plaintiff alleges that Defendant Erin and its agent, Eltman, lacked evidence to prove its cases against Lee and Serania.

29. Plaintiff alleges that Defendant Erin, and its agent, Eltman, bring lawsuits lacking evidence to prove a case, but rely on obtaining default judgments against unrepresented consumers.

## V. CLAIM FOR RELIEF
(Violation of the FDCPA)

30. Plaintiffs incorporate herein all of the foregoing allegations.

31. Defendants' practice and procedure is a deceptive practice prohibited by the FDCPA.

    A. Defendants' conduct violates 15 U.S.C. § 1692e, which prohibits the use of false and deceptive means and representations in connection with the collection of a debt.

    B. Defendants' conduct violates 15 U.S.C. § 1692e(2)(A) by the false representation of the amount or legal status of a debt.

    C. Defendants' conduct violates 15 U.S.C. § 1692e(8) by communicating credit information which is known or should be known to be false.

    D. Defendants' conduct violates 15 U.S.C. § 1692(10) by the use of false representations and means to collect a debt.

    E. Defendants' conduct violates 15 U.S.C. § 1692e(12) by the false representation or implication that the account has been turned over to an innocent purchaser for value.

    F. Defendants' conduct violates 15 U.S.C. § 1692f, which prohibits unfair or unconscionable means to collect or attempt to collect a debt.

## VI. CLASS ALLEGATIONS

32. This action is brought as a class action pursuant to 15 U.S.C. §1692(k) on behalf of the following class:

COMPLAINT

4

SERANIA & LEE, et al. V. ERIN CAPITAL MANAGEMENT, LLC, et al.

1  Class members are all California consumers against whom default judgments were
2  entered when, at the time Erin and Eltman brought suit, Erin and Eltman lacked evidence to
3  support the lawsuit and subsequent judgment.

4  33. The class period is one year prior to the filing of the herein action.

5  34. Plaintiffs allege, on information and belief, the class defined herein includes
6  thousands of class members and is, therefore, so numerous as to make it impracticable to bring
7  all the members of the class before this Court. The exact number of class members is unknown to
8  the Plaintiffs but may be determined from the records maintained by the Defendants.

9  35. There are questions of law and fact common to the class, which common issues
10 predominate over any issues involving only individual class members. The principal issue is
11 whether the Defendants used false, deceptive and misleading tactics when attempting to collect
12 actual and alleged debt incurred for personal and/or family and/or household purposes.

13 36. The Plaintiffs' claims are typical of the members of each class defined herein. All
14 are based upon the same facts and legal theories.

15 37. The Plaintiffs will fairly and adequately protect the interests of the class. They
16 have retained Irving L. Berg, an attorney experienced in handling FDCPA class actions, to serve
17 as counsel herein. Neither Plaintiffs nor their counsel has any interest which might cause them
18 not to vigorously pursue their action herein.

19 38. Plaintiffs have no relationship with any of the Defendants named herein.

20 39. A class action provides a fair and efficient method of adjudicating this
21 controversy. Plaintiffs and the members of the class defined herein have substantive claims that
22 are similar pursuant to the FDCPA which are similar, if not identical, in all material respects and
23 will require evidentiary proof of the same kind and application of the same law.

24 40. There are no unusual legal or factual issues which would cause management
25 problems not normally and routinely handled in class actions. Damages may be calculated with
26 mathematical precision.

27 41. Because most members of the class either do not know that their rights have been
28 violated or could not economically justify the effort and expense required to litigate their

COMPLAINT                                               SERANIA & LEE, et al. V. ERIN CAPITAL
                                    5                   MANAGEMENT, LLC, et al.

1  individual claims for relatively small damages, a class action is the only practical proceeding in
2  which they could recover. As a result of the doctrine of <u>stare decisis</u> individual actions could
3  substantially impair the rights of the putative members of the class defined herein and spawn
4  inconsistent results that require the Defendants to treat similarly situated class members
5  differently.
6      42.   Plaintiffs are unaware of any other similar litigation against the Defendants, and
7  this action will further the public policies underlying the FDCPA.
8      43.   This Court is an appropriate forum since the Defendants conduct business within
9  this forum and since the plaintiffs reside in this forum.

## VII. PRAYER

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and in favor of the class for:

A. A determination that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23(b)(3).

B. Statutory damages for the classes pursuant to 15 U.S.C. §1692k.

C. Statutory damages for the Plaintiff pursuant to 15 U.S.C. §1692k.

D. Attorney's fees, litigation expenses and costs pursuant to 15 U.S.C. sec. 1692k.

E. For such other and further relief as may be just and proper.

Dated: 3-06-08

Irving N. Berg
THE BERG LAW GROUP

ATTORNEY FOR PLAINTIFF

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: 3-06-08

Irving L. Berg

COMPLAINT

SERANIA & LEE, et al. V. ERIN CAPITAL
MANAGEMENT, LLC, et al.

6

# CIVIL COVER SHEET

JS 44 - No. CALIF. (Rev. 4/97)

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

**I.(a) PLAINTIFFS**
FRANCES SERANIA and STEPHEN LEE, individually and on behalf of all others similarly situated

**DEFENDANTS**
ERIN CAPITAL MANAGEMENT, LLC; ELTMAN, ELTMAN & COOPER, P.C.; DONALD B. SERAFANO, an individual

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** (EXCEPT IN U.S. PLAINTIFF CASES)
San Francisco

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Irving L. Berg
145 Town Center, PMB. 493
Corte Madera, CA 94925 (415) 924-0742

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "✓" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "✓" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "✓" IN ONE BOX ONLY)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "✓" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | PERSONAL PROPERTY | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐810 Selective Service |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐371 Truth In Lending | ☐690 Other | **LABOR** | ☐850 Securities/Commodities/Exchange |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liability | ☐380 Other Personal Property Damage | ☐710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐875 Customer Challenge 12 USC 3410 |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☐720 Labor/Mgmt Relations | ☐861 HIA (1395ff) | ☐891 Agricultural Acts |
| ☐195 Contract Product Liability | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐862 Black Lung (923) | ☐892 Economic Stabilization Act |
| | | | ☐740 Railway Labor Act | ☐863 DIWC/DIWW (405(g)) | ☐893 Environmental Matters |
| | | | ☐790 Other Labor Litigation | ☐864 SSID Title XVI | ☐894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐791 Empl.Ret. Inc. Security Act | ☐865 RSI (405(g)) | ☐895 Freedom of Information Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | | ☐870 Taxes (US Plaintiff or Defendant) | ☐950 Constitutionality of State Statutes |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | ☐871 IRS - Third Party 26 USC 7609 | ☑890 Other Statutory Actions |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | | |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights | | | |
| ☐290 All Other Real Property | | ☐555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) Violation of the Fair Debt Collection Practices Act

**VII. REQUESTED IN COMPLAINT:** ☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 500,000.00    ☐ CHECK YES only if demanded in complaint:    JURY DEMAND: ☑ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)** (PLACE A "✓" IN ONE BOX ONLY) ☑ SAN FRANCISCO/OAKLAND ☐ SAN JOSE

DATE 3/06/08    SIGNATURE OF ATTORNEY OF RECORD