1  Irving L. Berg (SBN 36273)
   THE BERG LAW GROUP
2  145 Town Center, PMB 493
   Corte Madera, California 94925
3  (415) 924-0742
   (415) 891-8208 (Fax)
4  irvberg@comcast.net (e-mail)

5  ATTORNEY FOR PLAINTIFF

6

7                   UNITED STATES DISTRICT COURT

8             FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                     SAN FRANCISCO DIVISION

10 FRANCES SERANIA and STEPHEN LEE,        Case No.: CV 08-01313 VRW
   individually and on behalf of all others
11 similarly situated,                     **CLASS ACTION**

12                         Plaintiff,       **FIRST AMENDED COMPLAINT TO
   v.                                       RECOVER DAMAGES FOR VIOLATION
13                                          OF THE FAIR DEBT COLLECTION
   ERIN CAPITAL MANAGEMENT, LLC;           PRACTICES ACT**
14 ELTMAN, ELTMAN & COOPER, P.C.;
   DONALD B. SERAFANO, an individual;      **JURY DEMAND**
15 DOES 1 THROUGH 10,

16                         Defendants.
                                        /

17              I. **PRELIMINARY STATEMENT**

18        1.    This is a consumer class action brought on behalf of all California consumers

19 subjected to Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692,

20 *et seq.* ("FDCPA") and the California Fair Debt Collection Practices Act, Cal. Civ. Code § 1788,

21 *et seq.* ("CA FDCPA").  These laws prohibit debt collectors from engaging in deceptive and

22 unfair collection practices.

23        2.    Plaintiffs seek certification of a class of California consumers and actual and

24 statutory damages for themselves and all persons similarly situated.

25              II. **JURISDICTION AND VENUE**

26        3.    Jurisdiction of this Court arises under 15 U.S.C. § 1692(k) and 28 U.S.C. § 1331.

27 Venue in this District is appropriate because pertinent events took place here.

28 FIRST AMENDED COMPLAINT                    SERANIA & LEE, et al. V. ERIN CAPITAL
                                             MANAGEMENT, LLC, et al.
                                             CASE NO. CV 08-01313 VRW
                          1

## III.  PARTIES

4.     Plaintiffs, STEPHEN LEE ("Lee") and FRANCES SERANIA,("Serania") ("Plaintiffs"), are residents of San Francisco, California.

5.     Defendant Erin Capital conducts its business from 35 East 21st Street, 5th Floor, New York, NY 10010.

6.     Defendant Erin is a debt collector as defined at 15 U.S.C. § 1692a(6).

7.     Defendant Eltman maintains an office at 140 Broadway, 26th Floor, New York, NY 10005.

8.     Defendant Eltman is a debt collector pursuant to 15 U.S.C. § 1692a(6).

9.     Defendant DONALD B. SERAFANO ("Serafano") is an employee of Eltman. Defendant Serafano directs and controls the activities of Defendant Eltman.

10.     Defendant Serafano is a debt collector pursuant to the provisions of 15 U.S.C. § 1692a(6).

11.     Plaintiff is ignorant of the true names or capacities of the defendants sued herein under the fictitious names of DOES 1 THROUGH 10.

12.     Each of the fictitiously named Doe Defendants is responsible in some manner for the wrongdoing alleged herein, and is liable for the damages recoverable by Plaintiff.  Each of the Doe Defendants was acting as agent or employee of the others.

## IV.  FACTUAL ALLEGATIONS

13.     Some time ago, Plaintiff Lee incurred a credit card debt for the purchase of consumer goods and services used for his personal needs.

14.     Some time ago, Plaintiff Serania incurred a credit card debt for the purchase of consumer goods used for her personal needs.

15.     The Plaintiffs were unable to pay the debts and the credit card issuing company thereafter sold the accounts to others, with the ultimate purchaser being Defendant Erin.

16.     Defendant Erin purchases defaulted consumer debts in groups of one thousand or more, for which it pays pennies on the dollar.

FIRST AMENDED COMPLAINT                    SERANIA & LEE, et al. V. ERIN CAPITAL MANAGEMENT, LLC, et al. CASE NO. CV 08-01313 VRW

2

17.     Defendant Erin states in its website that Erin services and litigates its purchases through an exclusive association with the law firm of Eltman, Eltman and Cooper.

18.     Defendant Eltman has a practice and procedure of suing on alleged debts that are time-barred by the California statute of limitations.

19.     In attempting to collect the debts alleged herein, the Defendants violated the FDCPA as follows:

A.     Defendants threatened to take action that cannot legally be taken, in violation of 15 U.S.C. § 1692e(5);

B.     Defendants used false representations or deceptive means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10);

C.     Defendants used unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

D.     Defendants attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

20.     The violations of the FDCPA as set forth above constitute violations of the CA FDCPA, and hence are unfair and deceptive debt collection practices in violation of the Cal. Civ. Code § 1788.17.

21.     Defendant Eltman, as attorneys for Defendant Erin, is the agent of Defendant Erin.

22.     Defendant Erin is liable for all wrongful acts committed by its attorney and agent, Defendant Eltman. *Police v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000); *Ditty v. Checkrite, Ltd., Inc.*, 973 F.Supp. 1320 (D. Utah 1997); *Fox v. Citicorp*, 15 F.3d 1507 (9th Cir. 1993).

23.     Defendant Erin is required to return to the Class all monies wrongfully collected by its attorney and agent, Defendant Eltman.

24.     At all times pertinent hereto, the conduct of Defendants as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton

FIRST AMENDED COMPLAINT                                    SERANIA & LEE, et al. V. ERIN CAPITAL
                                                                                                    MANAGEMENT, LLC, et al.
                                                                3                            CASE NO. CV 08-01313 VRW

1  disregard for federal and state law and the rights of the Plaintiffs herein.

2        25.    Defendants knew or should have known that their actions violated the FDCPA

3  and the CA FDCPA.  Additionally, Defendants could have taken the steps necessary to bring

4  their actions within compliance with the FDCPA and the CA FDCPA, but neglected to do so and

5  failed to adequately review their actions to insure compliance with said law.

6        26.    As a result of the Defendants' conduct, Plaintiffs have sustained pecuniary loss.

7                          **V.  CLASS ACTION ALLEGATIONS**

8        27.    Plaintiff brings this action individually and as a class action, pursuant to Rules

9  23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Classes:

10            A.    All persons in the state of California as to whom, beginning one year prior

11       to the filing of the Complaint, and continuing through the date of resolution of this case,

12       Defendants instituted legal action in a California court to collect on a debt that was time-

13       barred by the applicable statute of limitations: Cal. Code Civ. Proc. §§ 337 and 339; and

14            B.    All persons in California as to whom, beginning one year prior to the filing

15       of this Complaint, and continuing through the date of resolution of this case, Defendants

16       instituted legal action in a California court to collect on a debt that was time-barred by the

17       applicable statute of limitations, who suffered an ascertainable loss of money or property,

18       real or personal, as a result.

19       28.    The Class is so numerous that joinder of all members is impracticable.  Upon

20  information and belief, Defendants have continually filed hundreds if not thousands of lawsuits

21  against consumers throughout the state of California that were time-barred.  Because the

22  collection practice at issue is a standard and uniform practice employed by Defendants in

23  regularly filling collection lawsuits, numerosity may be presumed.

24       29.    There are questions of law and fact common to the Class which predominate over

25  any questions affecting only individual Class members.  The principal question is whether

26  Defendants violated the FDCPA and the CA FDCPA by filing lawsuits against consumers that

27  had been time-barred by statute.

28

FIRST AMENDED COMPLAINT

SERANIA & LEE, et al. V. ERIN CAPITAL
MANAGEMENT, LLC, et al.
CASE NO. CV 08-01313 VRW

1    30.    Plaintiff's claim is typical of the claims of the Class, which all arise from the same

2    operative facts and are based on the same legal theories.

3    31.    Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff is

4    committed to vigorously litigating this matter and has retained counsel experienced in handling

5    class actions and claims involving unlawful business practices.  Neither Plaintiffs nor their

6    counsel have any interests which might cause them not to vigorously pursue this claim.

7    32.    This action should be maintained as a class action because the prosecution of

8    separate actions by individual members of the Class would create a risk of inconsistent or

9    varying adjudications with respect to individual members which would establish incompatible

10    standards of conduct for the parties opposing the Class, as well as a risk of adjudications with

11    respect to individual members which would as a practical matter be dispositive of the interests of

12    other members not parties to the adjudications or substantially impair or impede their ability to

13    protect their interests.

14    33.    Whether a Class member was sued beyond the statute of limitations can be

15    determined by ministerial inspection of Defendants' records.

16    34.    A class action is a superior method for the fair and efficient adjudication of this

17    controversy.  The interest of Class members in individually controlling the prosecution of

18    separate claims against Defendant is small because the maximum statutory damages available in

19    an individual action under the FDCPA are up to $1,000, with a like sum under the CA FDCPA.

20    Management of the Class claims is likely to present significantly fewer difficulties than those

21    presented in many class claims.  The identities of the Class members may be obtained from

22    Defendants' records.

23    ## VI.  CLAIMS FOR RELIEF

24    ### COUNT I - Violation of the FDCPA

25    35.    Plaintiffs incorporate the foregoing paragraphs as though the same were set forth

26    at length herein.

27    36.    Defendants are each a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the

28

FIRST AMENDED COMPLAINT

SERANIA & LEE, et al. V. ERIN CAPITAL
MANAGEMENT, LLC, et al.
CASE NO. CV 08-01313 VRW

1  FDCPA.

2      37.    Plaintiffs are each a "consumer" as defined by 15 U.S.C. § 1692a(3) of the

3  FDCPA.

4      38.    The lawsuits filed against each Plaintiff by Defendants is a "communication"

5  relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

6      39.    Defendants violated the FDCPA as to the Plaintiff and the Class.  Defendants'

7  violations include, but are not limited to, violations of the Act as evidenced by the following

8  conduct:

9          A.    Using false, deceptive and misleading representations and means in

10  connection with the collection of the alleged debt, in violation of § 1692e;

11          B.    Falsely representing the character, amount and legal status of the debt, in

12  violation of § 1692e(2)(A);

13          C.    Falsely representing the compensation which may be lawfully received by

14  the Defendants for the collection of the debt, in violation of § 1692e(2)(B);

15          D.    Threatening to take action that cannot legally be taken, in violation of

16  § 1692e(5);

17          E.    Using false representations or deceptive means to collect or attempt to

18  collect the debt, in violation of § 1692e(10);

19          F.    Using unfair or unconscionable means to collect or attempt to collect the

20  debt, in violation of § 1692f; and

21          G.    Collecting or attempting to collect an amount not expressly authorized by

22  the agreement creating the debt or permitted by law, in violation of § 1692f(1).

23      40.    Defendants' acts as described above were done with malicious, intentional,

24  willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the

25  purpose of coercing Plaintiffs to pay the alleged debts.

26      41.    As a result of the above violations of the FDCPA, Defendants are liable to

27  Plaintiffs and the Class in the sum of statutory damages, actual damages and attorney's fees and

28

FIRST AMENDED COMPLAINT                    SERANIA & LEE, et al. V. ERIN CAPITAL
                                            MANAGEMENT, LLC, et al.
                    6                       CASE NO. CV 08-01313 VRW

1    costs.  15 U.S.C. § 1692k(a)(1), (2)(B), (3).

2    **COUNT II - Violation of the CA FDCPA**

3    42.    Plaintiffs incorporate the foregoing paragraphs as though the same were set forth

4    at length herein.

5    43.    Defendants are "debt collectors" as defined by Cal. Civ. Code § 1788.2.

6    44.    Each Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2.

7    45.    Pursuant to Cal. Civ. Code § 1788.17, a violation by a debt collector of the

8    FDCPA is a violation of the CA FDCPA.

9    46.    Defendants engaged in deceptive acts and practices, by attempting to collect debts

10   in violation of the FDCPA.

11   47.    Defendants have filed time-barred lawsuits against Plaintiffs and members of the

12   Class, in violation of California law, and have done so in an unfair and deceptive manner.

13   48.    Defendants' acts as described above were done with intentional, willful, reckless,

14   wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of

15   coercing Plaintiffs to pay the debt.

16   49.    As a result of the above violations of the FDCPA and the CA FDCPA, Plaintiffs

17   have suffered ascertainable losses entitling Plaintiffs to an award of statutory and actual damages

18   and attorney's fees and costs.

19   **VII.  JURY TRIAL DEMAND**

20   50.    Plaintiff demands trial by jury on all issues so triable.

21   **VIII.  PRAYER FOR RELIEF**

22   WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

23   A.    That an order be entered certifying the proposed Class under Rule 23 of the

24   Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel to represent the

25   Class;

26   B.    That an order be entered declaring that Defendants' actions as described above are

27   in violation of the FDCPA and the CA FDCPA;

28

FIRST AMENDED COMPLAINT

SERANIA & LEE, et al. V. ERIN CAPITAL
MANAGEMENT, LLC, et al.
7
CASE NO. CV 08-01313 VRW

1       C.     That an order be entered enjoining Defendants from continuing to file time-barred

2   lawsuits against Plaintiff and members of the Class in violation of the FDCPA and the CA

3   FDCPA;

4       D.     That judgment be entered against Defendants for actual damages, pursuant to 15

5   U.S.C. § 1692k(a)(1) and Cal. Civ. Code § 1788.17;

6       E.     That judgment be entered against Defendants for statutory damages pursuant to 15

7   U.S.C. § 1692k(a)(2)(A) and (B) and Cal. Civ. Code § 1788.17;

8       F.     That the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §

9   1692k(a)(3) and Cal. Civ. Code § 1788.30(c).

10

11  Dated:  __4/19/08__                _____/s/_____

                                              Irving L. Berg

12                                                THE BERG LAW GROUP

13                                                ATTORNEY FOR PLAINTIFF

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT                          SERANIA & LEE, et al. V. ERIN CAPITAL
                                                         MANAGEMENT, LLC, et al.
                        8                                          CASE NO. CV 08-01313 VRW