David Israel, Esq. – *Admitted pro hac vice*
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
3850 N. Causeway Blvd., Ste. 200
Metairie, LA 70002-7227
Tel: 504/828-3700
Fax: 504/828-3737
disrael@sessions-law.biz

Debbie P. Kirkpatrick, Esq. (SBN 207112)
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
3667 Voltaire Street
San Diego, CA 92106
Tel: 619/758-1891
Fax: 619/222-3667
dkirkpatrick@sessions-law.biz

Attorneys for Defendants Erin Capital Management, LLC, Eltman, Eltman & Cooper, P.C., Donald B. Serafano, an individual.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANCES SERANIA and STEPHEN LEE, individually and on behalf of all other similarly situated, <br><br> Plaintiff, <br> vs. <br><br> ERIN CAPITAL MANAGEMENT, LLC; ELTMAN, ELTMAN & COOPER, P.C.; DONALD B. SERAFANO, an individual; DOES 1 THROUGH 10, <br><br> Defendants. | Case No.: CV08-1313 VRW <br><br> CLASS ACTION <br><br> ANSWER TO FIRST AMENDED COMPLAINT |

Defendants ERIN CAPITAL MANAGEMENT, LLC ("Erin"), ELTMAN, ELTMAN &

COOPER, P.C. ("Eltman"), AND DONALD B. SERAFANO ("Serafano") (collectively

"Defendants") submit this Answer and Affirmative Defenses to Plaintiff's Class Action Complaint and state as follows:

## I. PRELIMINARY STATEMENT

1. Defendants admit plaintiffs have filed a class action against defendants for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the California Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.*, but Defendants deny any wrongdoing or liability under the law to the extent alleged in ¶ 1 of the Complaint.

2. Defendants admit plaintiffs seek certification of a class, but Defendants deny class certification is appropriate and deny any wrongdoing or liability under the law to the extent alleged in ¶ 2 of the Complaint.

## II. JURISDICTION AND VENUE

3. Defendants admit the allegations in ¶ 3 of the Complaint for jurisdiction purposes only.

## III. PARTIES

4. Defendants lack sufficient information to answer the allegations contained in ¶ 4, and based thereon deny the same.

5. Defendants admit the allegations contained in ¶ 5.

6. Defendants admit that when Erin acts as a debt collector as defined by 15 U.S.C. § 1692a(6) its conduct may be governed by the applicable provisions of the FDCPA. Defendants further admit Erin engages in the business of purchasing debt for collection. Except as specifically admitted, Defendants deny the remaining allegations contained in ¶ 6 of the Complaint.

7. Defendants admit the allegations contained in ¶ 7 of the Complaint.

8. Defendants admit that when Eltman acts as a debt collector as defined by 15 U.S.C. § 1692a(6) its conduct may be governed by the applicable provisions of the FDCPA. Defendants further admit Eltman engages in the business of debt collection and

that its principal business is debt collection related services. Except as specifically admitted, Defendants deny the remaining allegations contained in ¶ 8 of the Complaint.

9.  Defendants admit Serafano is an employee of Eltman. Except as specifically admitted, Defendants deny the remaining allegations contained in ¶ 9 of the Complaint.

10.  .Defendants deny the allegations contained in ¶ 10 of the Complaint

11.  Defendants lack sufficient information to answer the allegations contained in ¶ 11 of the Complaint, and based thereon deny the same.

12.  Defendants lack sufficient information to answer the allegations contained in ¶ 12 of the Complaint, and based thereon deny the same.

## IV. FACTUAL ALLEGATIONS

13.  Defendants lack sufficient information to answer the allegations contained in ¶ 13 of the Complaint, and based thereon deny the same.

14.  Defendants lack sufficient information to answer the allegations contained in ¶ 14 of the Complaint, and based thereon deny the same.

15.  Defendants admit Erin purchased plaintiff Frances Serania's Providian credit card account XXXX-XXXX-XXXX-6941 and plaintiff Stephen K. Lee's Providian credit card account XXXX-XXXX-XXXX-4097 from Providian National Bank on or about June 28, 2006. Except as specifically admitted, Defendants deny the remaining allegations contained in ¶ 15 of the Complaint.

16.  Defendants admit Erin purchases consumer debt. Except as specifically admitted, Defendants deny the remaining allegations contained in ¶ 16 of the Complaint.

17.  In response to ¶ 17 of the Complaint, Defendants aver that the referenced website is the best evidence of its contents.

18.  Defendants deny the allegations contained in ¶ 18 of the Complaint.

19.  Defendants deny the allegations contained in ¶ 19, including subparagraphs A. through D., inclusive, of the Complaint.

20.  Defendants deny the allegations contained in ¶ 20 of the Complaint.

21.   Defendants admit Eltman attorneys have served as attorneys for Erin. Except as specifically admitted, Defendants deny the remaining allegations contained in ¶ 21 of the Complaint and refer all matters of law to the Court.

22.   Defendants deny the allegations contained in ¶ 22.

23.   Defendants deny the allegations contained in ¶ 23.

24.   Defendants deny the allegations contained in ¶ 24.

25.   Defendants deny the allegations contained in ¶ 25.

26.   Defendants deny the allegations contained in ¶ 26.

## V. CLASS ALLEGATIONS

27.   Defendants admit plaintiffs bring this case as a class action as alleged in ¶27, subparagraphs A. and B., inclusive, of the Complaint, but Defendants deny this case may be properly maintained as a class action and further deny plaintiffs have standing to represent the class.

28.   Defendants deny the allegations contained in ¶ 28 of the Complaint, and further deny this case may be properly maintained as a class action.

29.   Defendants deny the allegations contained in ¶ 29 of the Complaint, and further deny this case may be properly maintained as a class action.

30.   Defendants deny the allegations contained in ¶ 30 of the Complaint, and further deny this case may be properly maintained as a class action.

31.   In response to ¶31 of the Complaint, Defendants deny this case may be properly maintained as a class action. Defendants lack sufficient information to respond to the remaining allegations of the Complaint and based thereon deny the same.

32.   Defendants deny the allegations contained in ¶ 32 of the Complaint, and further deny this case may be properly maintained as a class action.

33.   Defendants admit the allegations contained in ¶ 33 of the Complaint, but deny this case may be properly maintained as a class action.

34.   Defendants deny the allegations contained in ¶ 34 of the Complaint, and further deny this case may be properly maintained as a class action.

## VI. CLAIM FOR RELIEF

### COUNT I - Violation of the FDCPA

35. Defendants incorporate the responses to paragraphs 1 through 34, inclusive, of the Complaint as though set forth in full.

36. Defendants deny the allegations contained in ¶ 36.

37. Defendants lack sufficient information to answer the allegations contained in ¶ 44 of the Complaint, and based thereon deny the same.

38. Defendants deny the allegations contained in ¶ 38 of the Complaint and refer all matters of law to the Court.

39. Defendants deny the allegations contained in ¶ 39 of the Complaint, including subparagraphs A. through G., inclusive, of the Complaint.

40. Defendants deny the allegations contained in ¶ 40 of the Complaint.

41. Defendants deny the allegations contained in ¶ 41 of the Complaint, and further specifically deny plaintiffs are entitled to damages in any amount whatsoever.

### COUNT II - Violation of the CA FDCPA

42. Defendants incorporate the responses to paragraphs 1 through 41, inclusive, of the Complaint as though set forth in full.

43. Defendants Eltman and Serafano deny they are debt collectors as defined by Cal. Civ. Code § 1788.2. Defendant Erin admits that when it acts as a debt collector as defined by Cal. Civ. Code § 1788.2, its conduct may be governed by the applicable provisions of the California Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq*. Except as specifically admitted, Defendants deny the remaining allegations contained in ¶ 43.

44. Defendants lack sufficient information to answer the allegations contained in ¶ 44 of the Complaint, and based thereon deny the same.

45. In response to ¶ 45 of the Complaint, Defendants aver the cited statute speaks for itself and refer all matters of law to the Court.

46. Defendants deny the allegations contained in ¶ 46 of the Complaint.

47. Defendants deny the allegations contained in ¶ 47 of the Complaint.

48. Defendants deny the allegations contained in ¶ 48 of the Complaint.

49. Defendants deny the allegations contained in ¶ 49 of the Complaint, and further specifically deny plaintiffs are entitled to damages in any amount whatsoever.

## AFFIRMATIVE DEFENSES

1. One or more of the Counts contained in the Complaint fail to state a claim upon which relief may be granted against one or more defendants.

2. Pursuant to 15 U.S.C. § 1692k(c), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

3. Pursuant to California Civil Code § 1788.30(e), to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted notwithstanding maintenance of procedures reasonably adapted to avoid any such violation.

4. Plaintiffs' claim under California Civil Code § 1788, *et seq.*, is barred by the litigation privilege set forth in California Civil Code § 47.

5. Plaintiffs and each of them lack standing to pursue this action on behalf of the putative class.

6. Plaintiffs have no right of action against one or more defendants.

Dated: 04-29-08

SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.

/s/ Debbie P. Kirkpatrick
Debbie P. Kirkpatrick
Attorney for Defendants
Erin Capital Management, LLC, Eltman, Eltman & Cooper, P.C., Donald B. Serafano, an individual