1  Irving L. Berg (SBN 36273)                    Debbie P. Kirkpatrick, Esq.
   THE BERG LAW GROUP                            SESSIONS, FISHMAN, NATHAN &
2  145 Town Center, PMB 493                      ISRAEL, L.L.P.
       Corte Madera, California 94925            3667 Voltaire Street
3  (415) 924-0742                                San Diego, CA 92106
   (415) 891-8208 (Fax)                          (619) 758-1891
4  irvberg@comcast.net (e-mail)                  (619) 222-3667 (Fax)
   ATTORNEY FOR PLAINTIFF                        dkirkpatrick@sessions-law.biz
5                                                ATTORNEY FOR DEFENDANTS

6

7

8

9

10              UNITED STATES DISTRICT COURT

11        FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13

14  FRANCES SERANIA and STEPHEN        Case No.:CV 08-01313 VRW
    LEE,  individually and on behalf of all
15  others similarly situated,          **JOINT CASE MANAGEMENT
                                        STATEMENT**
16                      Plaintiff,
                                        Date:      June 12, 2008
17  v.                                  Time:      3:30 p.m.
                                        Dept:      Courtroom 6
18  ERIN CAPITAL MANAGEMENT, LLC;       Judge:     Hon. Vaughn R. Walker
    ELTMAN, ELTMAN & COOPER, P.C.;
19  DONALD B. SERAFANO, an
    individual; DOES 1 THROUGH 10,

20                      Defendants.
                                    /
21

22        The parties, by their attorneys, file their Joint Case Management Statement addressing all

23  of the topics set forth in the Standing Orders of All Judges of the Northern District of California.

24        1.      Jurisdiction and Service.  This Court's jurisdiction is based on 15 U.S.C. §

25  1692k(d) and 28 U.S.C. § 1331.  Supplemental jurisdiction over the state law claims is based on

26  28 U.S.C. § 1367.

27        There are no issues regarding personal jurisdiction or venue.

28

1    At this time, Plaintiffs are not aware of any additional parties to be served, but asks that

2  the time for service remain open until the completion of discovery.

3    2.    Facts.  Plaintiff alleges Defendant Erin purchases defaulted consumer debts in

4  groups of one thousand or more.  It assigns many of these debts to Defendant Eltman, Eltman &

5  Cooper, Attorneys at Law, to sue.  Many of these debts are time-barred under California law.

6    Plaintiff alleges Defendant Eltman nonetheless brings lawsuits on these time-barred

7  debts, making false, deceptive and misleading representations as to the validity of its claim.

8    On April 29, 2008, Defendants filed their Answer, denying all material allegations.

9  Defendants contend the facts are undisputed that the collection actions filed by Erin Capital

10  Management, LLC against plaintiffs were timely filed.  The collection complaints assert common

11  counts to which a four year statute of limitations applies pursuant to California Code of Civil

12  Procedure section 337.  Both plaintiffs had account activity and made final payments on their

13  respective accounts in 2005 and the collection actions were filed in July 2007 – within the four

14  year limitations period.

15    3.    Legal Issues.  Issues are whether Defendants' suits on allegedly time-barred debts

16  violate the FDCPA and the California Rosenthal Act.

17    Plaintiff's Issues are whether there were violations in the following particulars:

18    A.    Using false, deceptive and misleading representations and means in

19  connection with the collection of the alleged debt, in violation of § 1692e;

20    B.    Falsely representing the character, amount and legal status of the debt, in

21  violation of § 1692e(2)(A);

22    C.    Falsely representing the compensation which may be lawfully received by

23  the Defendants for the collection of the debt, in violation of § 1692e(2)(B);

24    D.    Threatening to take action that cannot legally be taken, in violation of

25  § 1692e(5);

26    E.    Using false representations or deceptive means to collect or attempt to

27  collect the debt, in violation of § 1692e(10);

28
JOINT CASE MANAGEMENT STATEMENT                    SERANIA & LEE V. ERIN CAPITAL
                                                   MANAGEMENT, L.L.C., et al.
                          2                        CASE NO. CV 08-01313 VRW

F.    Using unfair or unconscionable means to collect or attempt to collect the debt, in violation of § 1692f; and

G.    Collecting or attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of § 1692f(1).

Defendants' Issues are:

A.    Whether the named plaintiffs have standing to represent the class;

B.    Whether the complaint states a claim on which relief can be granted.

4.    Motions.  Plaintiff will move for class certification pending the court's determination of Defendant's summary judgment motion. Defendants will file a motion for summary judgment within 30 days.

5.    Amendment of Pleadings.  Plaintiff at this time does not anticipate amending the Complaint.  Plaintiff asks that the deadline for amendment be set after the completion of discovery.  Defendants at this time do not anticipate amending the Answer.  Defendants ask that the deadline for amendment of pleadings be set before the discovery completion deadline so that discovery may be conducted, if needed, on any new matter in any amended Complaint.

6.    Evidence Preservation.  Plaintiff asks that the Court issue an evidence preservation order.  Defendants have directed relevant personnel to preserve all documents, in paper or electronic form, related to the subject matter of this case.

7.    Disclosures.  On May 14, 2008, Plaintiff submitted the initial disclosures required pursuant to Rule 26 of the Fed. Rules Civ. Proc.  Defendants will serve on or before June 5, 2008 the initial disclosures required pursuant to Rule 26 of the Fed. Rules Civ. Proc.

8.    Discovery.  Plaintiff will propound Plaintiff's first set of discovery requests to Defendants within the next thirty days.  Defendants will propound a first set of discovery requests to Plaintiffs within the next thirty days.

9.    Class actions.

Plaintiffs allege:

(a) The class action is maintainable under Rules 23(a) and 23(b) of the Federal Rules of

JOINT CASE MANAGEMENT STATEMENT

SERANIA & LEE V. ERIN CAPITAL
MANAGEMENT, L.L.C., et al.
CASE NO. CV 08-01313 VRW

3

1  Civil Procedure.

2      (b) The class is all California consumers against whom Defendants instituted legal action

3  in a California court to collect a debt that was time-barred.

4      A sub-class relates to the class members who made payment on time-barred debts.

5      (c) Plaintiff is entitled to maintain the action under Fed. R. Civ. Proc. 23(a), as (i) the

6  class is so numerous that joining all of the members would be impracticable, (ii) there are

7  questions of law or fact common to the class, (iii) the claims or defenses of the representative

8  party is typical of the class members, and (iv) the representative party will fairly and adequately

9  protect the interests of the class.

10      (d) The proposed date for the Court to consider whether the case can be maintained as a

11  class action is February 15, 2009.

12      Defendants allege:

13      (a)    Plaintiffs lack standing to represent the class;

14      (b)    This action is not maintainable as a class action under Rules 23(a) and 23(b) of

15  the Federal Rules of Civil Procedure.

16      10.    <u>Related cases</u>.  The parties are not aware of any related cases.

17      11.    <u>Relief</u>.  Plaintiff seeks statutory damages of $2,000 and relief for the Class of the

18  lesser of a sum not to exceed 1% of Defendants' net worth, or $1,000,000.  Defendants seek

19  dismissal of plaintiffs' claims and reserve all rights under 15 U.S.C. § 1692k(a)(3) to seek an

20  award of attorney's fees and costs.

21      12.    <u>Settlement and ADR</u>.  The parties have agreed to mediation under ADR auspices.

22  Key discovery revolves around numerosity and net worth issues.

23      13.    <u>Consent to magistrate judge for all purposes</u>.  Plaintiff consents to have this

24  matter heard by the magistrate judge for all purposes.  Defendants decline to have this matter

25  heard by the magistrate judge for all purposes.

26      14.    <u>Other references</u>.  Plaintiff declines references other than mediation under the

27  ADR.

28

JOINT CASE MANAGEMENT STATEMENT        SERANIA & LEE V. ERIN CAPITAL
MANAGEMENT, L.L.C., et al.
CASE NO. CV 08-01313 VRW

4

1   15.   Narrowing of Issues.  Plaintiff believes the issues can be narrowed by stipulation

2   to class certification.   Defendants will not stipulate to class certification.  Defendants believe the

3   issues will be narrowed through motion for summary judgment.

4   16.   Expedited schedule.  This case is not amenable to handling on an expedited basis.

5   17.   Scheduling.  The parties propose that the discovery cut-off be April 1, 2009, that

6   the date for designation of experts be March 1, 2009, that the date for hearing summary judgment

7   motions be the week of December 1, 2008, and that the trial date be after June1, 2009.

8   18.   Trial.  The trial will be a court trial, and the length of trial is expected to be 3-4

9   days.

10   19.   Disclosures of non-party, interested entities or persons.  Plaintiff has no

11   disclosures to make.  Defendants disclose that other than the named defendants, non-party James

12   Brian Boyle, Esq., by whom defendant Eltman, Eltman & Cooper P.C. is wholly-owned, is an

13   interested person.

14   20.   Other matters.  The parties have no other matters to disclose at this time.

15

16                                    Respectfully submitted,

17

18   Dated: June 1, 2008                ____s/_____
                                        Irving L. Berg
19                                      The Berg Law Group
                                        Attorney for Plaintiffs
20

21   Dated: June 2, 2008                _____/s/_____
22                                      Debbie Kirkpatrick
                                        Sessions, Fishman, Nathan & Israel, L.L.P.
23                                      Attorneys for Defendants

24

25

26

27

28